# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDNA NIENHAUS,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**ACTING COMMISSIONER OF** )<br>**SOCIAL SECURITY,** )<br>)<br>**Defendant.** | Civil No. 14-cv-864-CJP |

## ORDER GRANTING PLAINTIFFF'S MOTION FOR DISCOVERY OF INFORMATION SUBJECT TO A PROTECTIVE ORDER

Before this Court is Plaintiff's unopposed motion for an order directing Defendant to disclose certain information from her files and to impose a protective order concerning that information (Doc. 28). The Court finds that disclosure of certain information regarding Plaintiff's stepchildren from the Commissioner's files is necessary to ensure those individuals are properly served. Service will allow those individuals to protect any interest they may have in the benefits that are the subject of the case before this Court.

Accordingly, the Commissioner is ORDERED to release the full names, social security numbers, and addresses (if known) of each of Plaintiff's stepchildren to Mark Peebles, counsel for Plaintiff. See 20 C.F.R. § 401.180. This order does not authorize the release of any information that constitutes a tax

return or tax return information as defined by section 6103(b) of the Internal Revenue Code.

In light of the policies underlying the Privacy Act and the Social Security Act, the Court ORDERS that the disclosed information be subject to a protective order as follows:

The disclosed information may only be used for purposes relating to this litigation (including any appeals and any proceedings on remand). Plaintiff's counsel must return to Defendant or destroy all copies of the disclosed information within thirty days of the date upon which this Court's final judgment is no longer subject to appeal (or, if later, upon the expiration of the time to seek judicial review of any proceedings that may be ordered on remand).

Counsel shall treat the disclosed information as being for "attorneys' eyes only" except that he may re-disclose the information to non-party investigators, assistants, and contractors for purposes relating to service of process, but only after obtaining the individual's signed agreement that he or she has read and will abide by the terms of this order. Counsel may also disclose the information to the U.S. Marshals Service should he request that the USMS serve process.

The Court further ORDERS the parties to redact all information disclosed pursuant to this order as necessary from any non-sealed document filed in this Court. Should any of the individuals to be served file an answer or any other document in this civil action, any information contained in the individual's own

filing shall no longer constitute disclosed information subject to this protective order.

The Court further AUTHORIZES the parties to provide any document filed in this Court to any individual to be served, provided that the information disclosed pursuant to this order may not be disclosed unless this Court so directs.

It is so ordered

**DATE:  July 10, 2015.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
