IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDNA NIENHAUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-864-NJR-CJP |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, DONALD WILLIAMS, MICHAEL WILLIAMS, RAMONA WILLIAMS, ROBERT WILLIAMS, DOROTHY WILLIAMS, and DENNIS WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

# <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Edna Nienhaus filed this action on August 4, 2014, seeking review of a final determination by the Commissioner of Social Security. After Plaintiff's son died, it was determined that he had not received over $153,000 in Social Security benefits to which he was entitled. The Commissioner determined that his six adult stepchildren were entitled to receive his underpayment, but Plaintiff believes that was a mistake and the money should have gone to her.

Initially, the Commissioner was the only named Defendant in this action, but Plaintiff then amended her complaint on January 22, 2015, to name her son's six stepchildren—Donald Williams, Michael Williams, Ramona Williams, Robert Williams, Dorothy Williams, and Dennis Williams—as additional Defendants (Docs. 1, 13). Ten

months later, Plaintiff had not provided proof that the six stepchildren were served with process or moved for default against them (*see* Doc. 36). Plaintiff was told that the case would be dismissed if she did not effectuate service on the six stepchildren by December 10, 2015 (Doc. 36). The deadline came and went, and the Court heard nothing from Plaintiff.

The Court was reluctant to dismiss the case at that point, however, due to concerns that Plaintiff may not be able to refile because she was out of time. The Court also wondered if it were possible to proceed without the stepchildren pursuant to Rule 19(b), which would allow the action to be resolved on the merits. Accordingly, Plaintiff was given another chance. She was ordered to show cause by March 7, 2016, why the six stepchildren should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure (Doc. 40). She also was ordered to address whether the stepchildren were "required" parties under Rule 19 (Doc. 40). Plaintiff was warned that her failure to respond to the show cause order would result in dismissal of the entire action with prejudice (Doc. 40). Once again, the deadline passed without a word from Plaintiff.

If a party fails to litigate its claims or otherwise abide by the court's orders, the court has the inherent authority to *sua sponte* dismiss the matter. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000); *see also* FED. R. CIV. P. 41(b). Here, Plaintiff has failed to serve process, failed to prosecute this matter, and failed to comply with more than one Order. Accordingly, the Court is convinced that dismissal is an appropriate action.

The Court **ORDERS** this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   March 9, 2016

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**